*61
OPINION

This case concerns an appeal of Window Rock District Court’s dismissal of a breach of contract lawsuit. Appellant Will Graven appeals the June 17, 2010 decision of the district court dismissing the suit against Appellees Speaker of the Navajo Nation Council and the Chief of Staff of the legislative branch in their individual capacities on the basis of sovereign immunity. The Court affirms the dismissal but on other grounds.
I
Appellant filed a lawsuit against Appel-lees, Speaker Lawrence T. Morgan, and Chief of Staff James J. Davis in their official and individual capacities on November 3, 2009, asserting 12 contractual claims [1] Appellant alleged he entered into a business transaction with then Speaker Morgan on June 18, 2007 by executing a “Letter of Intent” for the design, development, construction and leasing of a Navajo Nation Legislative Complex under a “Build to Suit for Lease” arrangement. The Letter of Intent (LOI) was addressed to North American Building & Development—Diñé, LLC (NABD) and designated NABD as “Master Lessee” in a “mutual good faith intent and legally binding obligation to use reasonable efforts, within one hundred and fifty (150) days (the “Negotiation Period”) [of the date of signing] to formalize and execute a Master Lease and an appropriate Build-to-Suit Lease/Sublease [for a new Legislative Complex in Window Rock].” Letter of Intent (LOI) executed on June 18, 2007, page 1, ¶2. The LOI was signed by Lawrence T. Morgan in his capacity as “Speaker, Navajo Nation,” and by Appellant as “Chairman and Chief Executive Officer” of NABD, It was further “accepted” by Appellant “individually and on behalf of’ NABD. Id, page 4. Appellant alleged the LOI was a contract that included a financial arrangement for the project and a master lease agreement between the parties once the facility was constructed. Appellant further alleged he spent eight months designing the facility on the basis of the LOI and was led to believe funds were available and he would eventually be paid for his work. Appellant alleged the officials decided not to pursue the project and he was not compensated for the work performed.
On December 3, 2009 Appellees, through legal counsel, responded to the suit by filing a Motion to Dismiss For Lack of Subject Matter Jurisdiction<, for Failure to Give Proper Notice of Suit, asserting Appellant had failed to comply with the jurisdiction condition precedent requirements of the Navajo Sovereign Immunity Act (NSIA) in filing an action against governmental officials. Several motions followed including Appellant’s request for an evi-dentiary hearing on January 28, 2010 to address Appellee’s sovereign immunity protections, to which Appellees objected since the issue was a purely legal question with no factual disputes, recommending instead that a decision on the pleadings or by a non-evidentiary hearing be entered. On April 8, 2010 the district court, on the basis of the briefs alone, dismissed the action against Appellees in their official capacity for Appellant’s failure to comply with notice requirements of the NSIA. The court deferred the issue of whether the lawsuit could proceed against Appel-lees in their individual capacities to an evidentiary hearing set for May 12, 2010. *62 Appellant does not challenge the dismissal of his suit against Appellees in their official capacity.
Numerous officials and employees were subpoenaed to appear as witnesses at the evidentiary hearing. As a preliminary matter, the district court inquired into and took testimony on whether Appellant, in bringing claims before the court, was filing the suit individually or on behalf of NABD. Upon Appellant’s repeated declaration that he was representing himself in his individual capacity, and that NABD was “just a shell,” the court allowed the matter to proceed. Following the hearing, the district court found that Appellees’ actions were taken in their official capacities, within the scope of their authority and within the protections of sovereign immunity. Accordingly, the district court at the conclusion of the hearing dismissed the entire complaint without prejudice. Later, the district court reduced to writing its decision on June 17, 2010. This appeal timely followed.
Appellant challenges only the June 17, 2010 decision, asserting that the lower court erred in finding Appellees acted within their official capacities because the district court did not properly apply factors enunciated in Chapo v. Navajo Nation, 8 Nav. R. 447, 5 Am. Tribal Law 384 (Nav.Sup.Ct.2004) and had arbitrarily dismissed his witnesses at the onset of the evidentiary hearing. Briefs were submitted by both parties and this Court issued an Order on April 17, 2012 notifying the parties that no oral argument was necessary and a decision will be made on the record; that decision follows.
II
“Capacity” in one way or another is central to this dispute, namely, the capacities in which the parties signed the LOI and in which this suit is being pressed and defended. Appellees successfully obtained dismissals after asserting as affirmative defenses that Appellees were acting in their official capacities and, therefore, as government officials are covered by procedural requirements of the Navajo Sovereign Immunity Act (NSIA), and as individuals are protected by the NSIA for non-negligent actions taken in their governmental capacity. When the district court inquired into whether Appellant was filing individually or on behalf of NABD, the district court in essence was considering Appellant’s capacity to bring suit in the context of the jurisdiction of the court. As set forth in our court rules in pleading special matters, “It is not necessary to allege the capacity of a party to sue exeept to the extent required to show the jurisdiction of the court.” Nav. R. Civ. P. Rule 9(a). In this contractual matter, the ownership of the claim is of primary importance in considering both the capacity to sue and jurisdictional standing.
A party must have standing to bring a suit in court. Largo v. Eaton Corp., 8 Nav. R. 96, 109 (Nav.Sup.Ct.2001). Standing is “[a] party’s right to make a legal claim or seek judicial enforcement of a duty or right.” Black’s Law Dictionary, 1536 (9th ed. 2004). Standing is a threshold consideration in determining the propriety of judicial intervention in any matter. Owens v. Sloan, supra at 216 (Nav. Sup. Ct. 1996). Courts must always ascertain whether the party seeking judicial relief is the proper one to raise these issues and seek relief. See id.
Navajo courts recognize the doctrine of standing “pursuant to our own common values of substantial justice.” Judy v. White, 8 Nav. R. 510, 530, 5 Am. Tribal Law 418 (Nav.Sup.Ct.2004). Judy affirmed the absolute right of the Navajo citizen to complain about the manner in *63 which he or she is governed and found that Judy had standing to express her concern as a “community member” about the legitimacy of Council action affecting the community. Id. at 531, 5 Am. Tribal Law 418 (concerning the Council’s award of salary increases to itself). We have also affirmed the right of Navajo citizens to grieve violations of rules of legal practice which affect the integrity of our legal system. Perry v. Navajo Nation Labor Commission, 6 Am. Tribal Law 780, 784-85 (Nav.Sup.Ct.2006). Otherwise, in private actions, we have required the aggrieved person to sue on their own behalf. See Manygoats v. Atkinson Trading Co., Inc., 8 Nav. R. 321, 4 Am. Tribal Law 655 (Nav.Sup.Ct.2003) (employer did not have standing to bring an equal protection action on behalf of hypothetical non-Navajo members); and Fulton v. Redhouse, 6 Nav. R. 333 (Nav. Sup. Ct. 1991) (standing limited to aggrieved candidates under the Navajo Election Code).
In Navajo Nation v. RJN Construction Management Inc., et al., 10 Am. Tribal Law 265, 268, fn. 2 (Nav.Sup.Ct.2012), we raised the concern that foreign corporations conducting business on the Navajo Nation need to be properly authorized by the Nation’s Corporation Code. The Navajo Nation Corporation Code provides a statutory limitation on standing in regards to corporations, namely:
No foreign corporation transacting business within Navajo Indian Country without authority shall be permitted, to maintain any action, suit or proceeding in any Navajo Nation Court, until such corporation shall have been authorized to transact business. Nor shall any action, suit or proceeding be maintained in any such court by any successor or as-signee of such corporation on any right, claim or demand arising out of the transaction of business by such corporation within Navajo Indian Country, until authority to transact business has been obtained by such corporation or by a corporation which has acquired all or substantially all of its assets.
5 N.N.C. § 3174(A) (Emphasis added).
Additionally, the Navajo Nation Corporation Code mandates, that “[n]o foreign corporation shall have the right to transact business within the Navajo Indian Country until it shall have been authorized to do so as provided in [the Corporation Code] ...” 5 N.N.C. § 3166. A business must follow Navajo Nation laws and be duly authorized to conduct business on the Nation before it can initiate any proceeding in our courts.
The authority to bring a lawsuit in our courts on a claim is an issue of standing, which goes to subject matter jurisdiction. As such, it can be raised at any time. It is well established that standing is “a threshold consideration in determining the propriety of judicial intervention in any matter,” Owens, supra at 216. However, whether or not this Court will address standing sua sponte when standing may have been erroneously assumed below is a matter of first impression for this Court.
It is our finding that this Court has an obligation to examine standing where the record plainly shows possible error, although the parties make no contention concerning it. We find that this approach is both wise and necessary to resolve the court’s subject matter jurisdiction over a contested matter, where the record raises questions concerning that jurisdiction, before reaching the merits of any claim or affirmative defense such as has been offered here.
Legal questions concerning standing are reviewed de novo. Judy, supra at 529, 5 Am. Tribal Law 418.
*64 III
As a preliminary matter, we address sua sponte whether Appellant had standing in his individual capacity to press the contractual claims in this matter.
At the May 12, 2012 hearing, Appellant went to great lengths to impress upon the district court that he had filed the suit individually and not on behalf of NABD. Appellant did so under intense questioning by the district court. Appellant declared that NABD was just a “shell corporation” formed for purposes of entering a Master Lease with the Navajo Nation, with no assets, no people, an “empty shell” that “was gonna be used to put the legislature building in.” Transcript of May 12, 2010 hearing, p. 12. At the same time, he asserted that he has a “general assignment” from NABD to collect on mortgages owed to NABD on other matters. Id. p. 3-12. Appellant then asked the court to disregard the fact that the LOI was addressed to NABD for acceptance by NABD, and asked the judge instead to focus on how Appellant had signed the LOI. Appellant had signed the LOI twice, first “individually and on behalf of’ NABD; and second, as “Chairman and Chief Executive Officer” of NABD. Appellant had asked the court to find that because he had signed “individually” as well as on behalf of NABD, that his suit could move forward as filed by him individually. On that basis, the district court allowed the matter to proceed without making a specific finding regarding standing. For the below reasons, we find that the district court erred.
Pursuant to the Navajo Nation Code, a corporation is a legal entity. See 5 N.N.C. §§ 3100 et seq. It is well established that a corporation’s shareholders, staff and officers may not be sued for the corporation’s liabilities. As we stated in Perry, supra,
One primary motivation to incorporate is to separate the personal liability of officers, staff and shareholders from that of the corporate entity, so that when the entity is sued for actions taken by those natural persons, the judgment is satisfied by the corporation’s funds ... The act of incorporation creates an artificial entity distinct before the law from the natural persons who own or operate it.
Perry, supra, 6 Am. Tribal Law at 788.
The concept of a corporation as a legal entity also means that a corporation may assert the ownership of claims in its own right, and is a “party” for purposes of suit. We have said previously that the concept of corporations as “persons” is an entirely bilagaana legal concept with no equivalent in Diñé traditional thinking. See Id., 6 Am. Tribal Law at 787-88 (stating that “the concept that there could be non-natural business entities separate and apart from the human beings who established and operate it was not accepted or practiced in traditional thinking.”). However, we have accepted the concept as necessary under the statutory scheme of our Corporations Code. In Perry, we stated that a corporation is, in fact, a “person,” with “a separate legal existence from its officers and staff.” Id. at 788. Noting with approval the general prohibition on a litigant’s raising another person’s legal rights as set forth in other jurisdictions,[2] we have required that a corporation, as a “person” for purposes of litigation, be applied the same requirements asked of any litigant. See Id. This includes that it be a party in a suit in its own name for its own claims.
*65 It is undisputed that the LOI was intended to be accepted by NABD, and any contractual claims based on the LOI are NABD’s to press. Appellant asked the district court to permit his suit individually because, in addition to his signature as a corporate officer, he also signed “individually.” While the district court may have been confused over the significance of this second signature, this Court is not. Appellant’s signature “individually” on the LOI in no way confers on Appellant any ownership right over the contractual claims based on the LOI. The LOI was not addressed to Appellant individually, but was solely directed to NABD for NABD to accept. In other words, Appellant’s signature “individually” could not have accepted the LOI, created no ownership rights over the claim, and was unnecessary. The contractual claims are NABD’s to pursue. This holds true whether or not the corporation is an “empty shell” as Appellant wishes the court to believe.[3]
This Court views with consternation Appellant’s assertion that his company was nothing but an “empty shell” so that he be permitted to file individually. It is clear that he is making a claim that NABD is essentially a false business in order to circumvent our laws that require companies be represented in our courts by representatives who are authorized to practice law rather than by a shareholder or employee without such qualifications. Appellant may not assert the existence of a company in order to qualify for potential contracts, then discard that company when it becomes inconvenient in pressing business-related claims. Appellant cannot have it both ways.
Appellant’s assertion of a “general assignment” from an empty shell of a limited liability corporation to himself is without merit. We have stated that “the consequences of incorporation is the inability of its agents to represent the corporate entity ‘pro se’.” Perry at 788. Individual litigants may not represent a corporation and may not circumvent the rule by having the corporation assign its rights to the individual.[4]
Finally, since the corporation’s legal personhood means that it has a separate legal existence from its officers and employees, it may only be represented in litigation by individuals who are duly licensed or associated with members of the Navajo Nation Bar Association. An unlicensed litigant can represent himself in our courts, but he may not represent his corporate business. Id,., 6 Am. Tribal Law at 787. Appellant is not licensed to practice law by the Navajo Nation Bar Association, The unauthorized practice of law will not be condoned. It is incumbent on this Court to safeguard the integrity of our judicial system by rejecting the de facto unauthorized legal representation of a corporate business by a pro se litigant.
As noted by this Court, the distinction between individual and corporate liabilities and claims is much more than what is articulated in Perry, supra, namely, “doo hodeet’i’ da”—a matter of no concern to you. This narrow view of standing that focuses only on “harm” or “sufficient *66 connection” prevents remedy of many violations. Id. Although this Court has never adopted one test to define standing, it reviews a litigant’s standing based on the nature of the relief sought. Perry, supra at 784-85. Appellant’s prosecution of the corporate entity’s contractual claims individually is an attempt to own the claim in the shoes of NABD. He cannot do so, as both are separate entities. As a matter of law, contracts are entered in clearly defined capacities, and it is under those precise capacities that harms are pled and contractual claims must be pursued. It is elementary in corporate law that the individual is not the alter ego of the corporation nor vice versa.
Although Appellant is the named plaintiff in this case, the record shows that the LOI pursuant to which claims are pressed belongs to his business, NABD. By Appellant’s own admission, he has pressed this suit in his individual capacity and at no time in any representative capacity for the LLC. By Navajo Nation law, Will Graven—the individual—cannot stand in the shoes of North American Building & Development—Diñé, LLC. The Court finds that Appellant was the wrong “person” to file this suit and, therefore, had no standing to sue. As a result, the district court was without subject matter jurisdiction to determine the action.
We note that the Navajo Rules of Civil Procedure, Rule 9(a) requires plaintiff to make capacity allegations in the complaint when the jurisdiction of the Court can be questioned. The plaintiff has the burden of demonstrating that he or she is the proper party to invoke the court’s jurisdiction. Additionally, as we have said, in order to be authorized to pursue remedies in Navajo Nation courts, the business entity must be a properly registered corporation in the Navajo Nation pursuant to 5 N.N.C. § 3174(A), supra. In this case, Rule 9(a) required that facts going to capacity, in many instances identical to standing arguments, be pled in the complaint and the failure of the Appellant to plead them added to this confusion.
Based on the foregoing, the district court erred in permitting this suit to proceed to an evidentiary hearing without first considering jurisdiction. We therefore will not consider Appellant’s arguments raised on appeal.
IV
Based on the foregoing, this Court AFFIRMS the dismissal but on grounds that the district court lacked subject matter jurisdiction over the matter.

. Namely, 1) intent to deceive, 2) fraudulent inducement, 3) fraud in the execution, 4) fraudulent concealment, 5) common law fraud, 6) conspiracy, 7) aiding and abetting a conspiracy, 8) intentional interference with a contract, 9) extortion, 10) breach of covenant of good faith and fair dealings, 11) bad faith, and 12) breach of contract.

. Id., 6 Am. Tribal Law at 784 citing Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12, 124 S.Ct. 2301, 159 L.Ed.2d 98 (2004).

. The record shows no declaration from Appellant in his complaint that North American Building & Development—Diñé, LLC is registered with the Navajo Nation Business Regulatory Office and thereby authorized to conduct business on the Navajo Nation. While the registration of a business is normally relevant as to standing, we will limit ourselves in this case only to the record on appeal in which Appellant states that he is filing in his individual capacity.

. See, e.g., Chien v. Skystar Bio Pharmaceutical Co., 623 F.Supp.2d 255 (D.Conn.2009)